CULPEPPER, Judge.
This is a companion case to Fairfax v. American Casualty Company of Reading, *241 Pa., et al., La.App., 236 So.2d 243 in which a separate judgment is rendered by us this date. In that decision we find the accident was caused solely by the negligence of the driver of the truck insured by the defendant, American Casualty Company of Reading, Pa. Hence, Eligh Smith is entitled to recover from American Casualty for his personal injuries.
Immediately after the accident on July 26, 1968, Smith was taken to St. Patrick’s Hospital in Lake Charles where he was seen by Dr. L. K. Moss, a general surgeon. X-rays and physical examination showed fractures of the 7th and 9th ribs, abrasions and contusions of the knees, lacerations about the face caused by small particles of glass and contusions of the abdomen and chest. Smith was in the hospital for 3 days. He was released on July 31, 1968 to return to his home in Galveston.
Since Smith began to complain of neck pain several months later and an old healed compression fracture of C-6 was found, Dr. Moss was questioned closely as to whether such an injury would cause pain immediately after the accident. This physician expressed the opinion that a neck injury, sufficiently severe to cause a compression fracture of a cervical vertebra, would be “quite painful” within a few hours after the trauma. Dr. Moss stated that Smith made no complaints of neck pain.
On Smith’s return to his home in Galveston, Texas, he was seen on August 1, 1968 by Dr. E. S. McLarty, Jr., a general practitioner. His complaints were pain in the chest area, contusion»-of the abdomen and knees, and the cuts on the face. X-rays on August 2, 1968 showed fractures of the Sth, 6th and 7th ribs and an old healed fracture of the 9th rib.
Dr. McLarty saw and treated Smith for these injuries. The rib fractures healed normally in a period of 3 or 4 months. Small slivers of glass in the face festered from time to time and were removed. There was some scarring of the face, but it was Dr. McLarty’s opinion that these were cosmetically minimal and would need no future correction.
On October 31, 1968, Dr. McLarty discharged Smith as able to return to his work as a forklift operator. Smith did return to work, but on November 7, 1968 went back to Dr. McLarty and complained of neck pain for the first time. However, it is apparent that Dr. McLarty thought these neck pains were caused by the fact that Smith had not used his neck for some time and on returning to his work as a forklift operator, which required a lot of turning of the head, he developed some stiffness. Accordingly, he sent Smith back to work.
McLarty did not see the plaintiff again until January 29, 1969, at which time he made his first complaints as to his right shoulder. Physio-therapy treatments were begun and by February 3, 1969 Smith was again returned to work.
On February 14, 1969, Smith went back to Dr. McLarty complaining of pains in the neck. Finally x-rays of the cervical area were made on February 28, 1969 which showed an old compression fracture of C-6, with some arthritic spurring already commended. On April 3, 1969, Dr. McLarty again discharged Smith as able to return to his regular work.
On the issue of causal connection between the accident on July 26, 1968 and the compression fracture of C-6, Dr. McLarty’s testimony is equivocal. He finally stated he could give no opinion one way or the other. The fact that Smith gave no history of neck injury before the accident indicates the fracture was causally related. However, this physician, like the others, said you would normally expect considerable neck pain soon after such an injury.
Dr. McLarty referred Smith to Dr. A. D. Minyard, an orthopedic surgeon of Galveston, who saw plaintiff on February 17, 1969 and ordered the x-rays taken February 28, 1969. These were interpreted to show a compression fracture of C-6. Dr. Min- *242 yard expressed the opinion the neck injury resulted from the accident in July of 1968. However, he conceded that by the time the x-rays of the cervical spine were made, over 5 months after the accident, the fracture was healed and it was impossible to determine how old it was. Furthermore, this physician conceded that pain in the cervical area should have been manifest soon after the injury.
It is our conclusion Smith has failed to prove by a preponderance of the evidence that the cervical injury was caused by the accident.
Summarizing, we find Smith sustained fractures of 3 or 4 ribs, which healed normally in about 4 months. He had superficial lacerations of the face, with small slivers of glass being removed from time to time for 3 or 4 months, but the residual scars are not substantially objectionable from a cosmetic point of view. Also, he sustained bruises and contusions of the knees, abdomen and chest, which healed uneventfully. He was in the hospital a total of 3 days and then treated by office visits until he returned to work on November 4, 1968. Under the circumstances, we think an award of $5,000 in general damages for pain and suffering is appropriate.
In addition, Smith is entitled to loss of wages at the rate of $3 per hour, 40 hours per week for a period of 13 weeks or a total of $1,560. His medical expense is as follows:
St. Patrick’s Hospital in Lake Charles .$322.75
Lake Charles Medical & Surgical Clinic . 80.00
Dr. McLarty . 328.00
$730.75
Also, Smith is entitled to the $100 which was deductible under the terms of his collision insurance. The total award to Smith is $7,390.75.
Smith’s collision insurer, Members Mutual Insurance Company, has intervened in the present case to recover its subrogated claim of $1,125, representing the value of Smith’s automobile, which was a total loss, less the deductible of $100. Members Mutual is entitled to judgment on its sub-rogation.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Eligh Smith, and against the defendant, American Casualty Company of Reading, Pa., for the sum of $7,390.75, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of the intervenor, Members Mutual Insurance Company, and against the defendant, American Casualty Company of Reading, Pa., in the sum of $1,125, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that the expert witness fees of the physicians testifying in this case by deposition or otherwise are hereby fixed at $50 each and taxed as costs as follows:
Dr. L. K. Moss.$50.00
Dr. E. S. McLarty. 50.00
Dr. A. E. Minyard. 50.00
All costs in the lower court, as well as the costs of this appeal, are assessed against the defendant, American Casualty Company of Reading, Ph.
Reversed and rendered.
HOOD, J., dissents and assigns written reasons.